IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Coffy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:22-3098-BHH |
| v. ) | |
| ) | **ORDER** |
| Christian Graziana, Abigail Duffy, ) | |
| Wellpath, Carrie Fabel, D.C.I., ) | |
| ) | |
| Defendants.[1] ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael J. Coffy's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983 and motion for preliminary injunction and temporary restraining order. (ECF Nos. 1 and 13.) Defendants Carrie Fabel and Dialysis Clinic, Inc. ("the DCI Defendants") filed a motion to dismiss on November 4, 2022, and Defendant Wellpath filed a motion to dismiss on December 16, 2022. (ECF Nos. 17 and 39.) On December 30, 2022, Defendants Kristina Graziano and Abigail Duffy ("the Sheriff's Office Defendants") filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 49.) On March 24, 2023, Plaintiff filed an "amended motion of newly discovered evidence of support for Plaintiff." (ECF No. 61.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), these matter were referred to a United States Magistrate Judge for preliminary review.

On April 25, 2023, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court: (1) deny Plaintiff's motion for a preliminary injunction and temporary restraining order; (2) grant

---

[1] The correct name for Defendant Christian Graziana is Kristina Graziano, and the correct name for Defendant D.C.I. is Dialysis Clinic, Inc.

in part and deny in part the DCI Defendants' motion to dismiss; (3) grant Wellpath's motion to dismiss; (4) grant the Sheriff's Office Defendants' motion to dismiss, or in the alternative, for summary judgment; and (5) deny Plaintiff's motion to amend. Ultimately, the Magistrate Judge recommends dismissal of all claims except for Plaintiff's claim against Defendant Fabel for deliberate indifference to medical needs related to Plaintiff's dialysis.

On May 9, 2023, Defendant Carrie Fabel filed objections to the Magistrate Judge's Report, but no other party filed any objections.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As an initial matter, no party has filed objections to the Magistrate Judge's

recommendations that the Court: (1) deny Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 13); (2) grant Defendant Wellpath's motion to dismiss (ECF No. 39); (3) grant the Sheriff's Office Defendants' motion to dismiss, or in the alternative, for summary judgment, which the Magistrate Judge treated as a motion to dismiss as she did not consider matters outside the pleadings; and (4) deny Plaintiff's motion to amend/correct evidence. Thus, the Court has reviewed these recommendations for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Accordingly, the Court adopts these portions of the Magistrate Judge's Report.

Turning now to the Magistrate Judge's recommendation that the Court grant in part and deny in part the DCI Defendants' motion to dismiss, the Court first notes that no party objects to the Magistrate Judge's recommendation that the Court grant the motion with respect to all claims asserted against DCI. After review, the Court finds no clear error and adopts this portion of the Report.

Next, however, Defendant Fabel does object to the Magistrate Judge's recommendation that the Court deny the DCI Defendants' motion as to the claims against Fabel based on an allegedly faulty dialysis machine. Specifically, Defendant Fabel asserts that the Magistrate Judge erred in finding that the DCI Defendants' motion to dismiss did "not address all relevant allegations against Nurse Fabel." (ECF No. 68 at 2 (citing ECF No. 66 at 14).) According to Fabel, the Magistrate Judge improperly relied on materials that were submitted by Plaintiff in connection with his motion for preliminary injunction and were not before the Court on the various motions to dismiss. Instead, Fabel asserts that the only allegation against her in the complaint regarding dialysis machines is that "[t]he

continued use of the faulty machines maintenance issues is a major concern." (ECF No. 1 at 7.) Fabel further asserts that this allegation "fails to state a claim as to Fabel because there is no alleged nexus between Fabel's use of the machines and Plaintiff's claimed damages." (ECF No. 68 at 3.)

In addition, Fabel asserts that even if Plaintiff's materials in support of his motion for preliminary injunction and temporary restraining order are construed as forming the basis of Plaintiff's complaint, the Magistrate Judge still erred in recommending that the claims against Fabel based on the dialysis machines should not be dismissed. According to Fabel, Plaintiff's claims are medical malpractice claims, which are not cognizable under 42 U.S.C. § 1983, or they otherwise fail to state a claim for deliberate medical indifference. (*Id*. at 3.) Lastly, Fabel asserts that because Plaintiff fails to state a claim for deliberate indifference, his request for injunctive relief also fails as a matter of law.

Here, after *de novo* review, the Court finds no error in the Magistrate Judge's analysis and overrules Fabel's objections. First, the Court finds no error in the Magistrate Judge's decision to liberally construe Plaintiff's complaint as consisting of the standard court form complaint submitted (ECF No. 1) and the additional documents in support of his motion for preliminary injunction (ECF Nos. 13, 13-1, and 13-2). (*See* ECF No. 66 at 3 (explaining that Plaintiff filed both a complaint on a standard complaint form as well as a memorandum and declaration in support of motion for temporary restraining order and preliminary injunction (ECF Nos. 1, 13, 13-1, and 13-2), and the documents were deemed to have been filed on the same day and were being liberally construed together as Plaintiff's complaint).) Thus, the Court finds that the Magistrate Judge considered the appropriate materials when evaluating Plaintiff's claims against Fabel.

4

Next, the Court also finds no error in the Magistrate Judge's conclusion that the DCI Defendants did not adequately address all of the allegations against Fabel. Specifically, the Court agrees with the Magistrate Judge that Plaintiff's allegations against Fabel, when liberally construed, are broader than those that the DCI Defendants addressed, particularly with regard to faulty machines. In her objections, Fabel asserts that the allegations against her amount to medical malpractice claims, but the Magistrate Judge already agreed with Fabel that to the extent Plaintiff's claim is based on medical negligence, such a claim is not actionable under § 1983. (ECF No. 66 at 14, n. 11.) Ultimately, Fabel urges the Court to draw the conclusion that Plaintiff's claims are based on mere disagreement with his treatment or medical malpractice, but doing so would require the Court to ignore certain of Plaintiff's allegations such as the allegation that despite Plaintiff's (and other's) complaints, Fabel continued to require Plaintiff to use a machine that caused "chest pain, low blood pressure drops, passing out, breathing comp[l]ications, cramping, and tiredness lasting into the next day." (ECF No. 13-2 at 3.) Ultimately, after de novo review, and based on a liberal construction of the materials submitted by Plaintiff, the Court agrees with the Magistrate Judge that it would be premature to dismiss Plaintiff's claim against Defendant Fabel for deliberate indifference to medical needs regarding Plaintiff's dialysis.

## **CONCLUSION**

Accordingly, for the foregoing reasons, the Court **overrules** Fabel's objections (ECF No. 68), and the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 66). As such, the Court **denies** Plaintiff's motion for preliminary injunction and temporary restraining order (ECF NO. 13); the Court **grants** Wellpath's motion to

dismiss (ECF No. 39); the Court **grants** the Sheriff's Office Defendants' motion to dismiss (ECF No. 49); the Court **denies** Plaintiff's motion to amend/correct evidence (ECF No. 61); and the Court **grants in part and denies in part** the DCI Defendants' motion to dismiss, such that all claims against the DCI Defendants are dismissed except for Plaintiff's claim against Fabel for deliberate indifference to medical needs related to Plaintiff's dialysis.

    **IT IS SO ORDERED.**

    /s/Bruce H. Hendricks
    United States District Judge

July 20, 2023
Charleston, South Carolina